# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6119 | **DATE** | 11/13/2002 |
| **CASE TITLE** | MARIA BELBIS, et al vs. COUNTY OF COOK | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiffs' motion to facilitate section 216(b) notice is denied. Plaintiffs' motion for class certification, as to counts II and III, is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 18 2002 | |
| | Notified counsel by telephone. | | date docketed | 47 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 02 NOV 15 PM 1:54 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIA BELBIS and TINA WARREN, )
individually and on behalf of a class of employees )
similarly situated; and MARIA BELBIS, TINA )
WARREN, TIFFANY TAYLOR, DOROTHEA )
PURNELL, SHERYL NELLA, and all others who )
have had a consent to join filed in this case, )
                                                                                                               ) No. 01 C 6119
     Plaintiffs, )
                                                                                                               ) Judge John Darrah
v. )
  )
COUNTY OF COOK, )
  )
     Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Maria Belbis ("Belbis") and Tina Warren ("Warren"), filed a class action against Defendant, County of Cook ("Cook County"), alleging violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.* (Count II), and the Wage Payment and Collection Act ("WPCA"), 820 ILCS 115/1 *et seq.* (Count III). Plaintiffs, Belbis, Warren, Tiffany Taylor ("Taylor"), Dorothea Purnell ("Purnell"), and Sheryl Nella ("Nella"), and all others that have had a consent to join in this case, also allege Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§ 201 *et* seq (Count IV). Presently before this Court are two motions: (1) Plaintiffs' Motion to Facilitate Section 216(b) Notice and (2) Motion for Class Certification.

A reading of the Second Amended Class Action Complaint supports the following summary of the alleged conduct of the parties.

Defendant operates Cook County Hospital, which provides medical services to the general

47

public. Plaintiffs are medical nurses employed at Cook County Hospital. Defendant has failed to pay Plaintiffs and other similarly situated employees straight time and/or overtime wages for time worked during pre- and post-shift briefings, post-shift activities, and job-related training activities. Defendant has also failed to pay Plaintiffs overtime based on the correct rate of overtime pay and failed to maintain the required records of hours worked and wages paid.

1. Motion to Facilitate Section 216(b) Notice

Plaintiffs seek to facilitate notice under the FLSA pursuant to 29 U.S.C. § 216(b). Plaintiffs allege that they have met the requirements to facilitate notice under the two-step method utilized by the majority of courts or, in the alterative, via the Federal Rule of Civil Procedure 23 analysis.

The FLSA allows a plaintiff to sue on behalf of "other employees similarly situated" in an action to recover unpaid overtime wages. 29 U.S.C § 261(b). A "representative plaintiff" has the right to "notify the people he would like to represent that he has brought a suit." *See Woods v. New York Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982) (*Woods*). A collective action under Section 216(b) differs from a class action under Federal Rule of Civil Procedure 23. In contrast to a class action under Rule 23, members of a FLSA representative action "opt in"; and they are not bound by the decision of the court unless they do "opt-in". *See Woods*, 686 F.2d at 580; *O'Brien v. Morse*, 2002 WL 1290392 (N.D. Ill. June 11, 2002).

In light of this difference, courts do not require the representative plaintiff meet the stricter test under Rule 23. Instead, the courts apply a two-step method in determining whether the representative plaintiff is "similarly situated" with the potential claimants he or she wishes to represent. *See O'Brien v. Morse*, 2002 WL 1290392 (N.D. Ill. June 11, 2002); *Garza v. Chicago Transit Auth.*, 2001 WL 503036 (N.D. Ill. May 8, 2001); *Pfaahler v. Consultants for Architects, Inc.*,

2

2000 WL 198888 (N.D. Ill. Feb. 8, 2000); *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998); *cf. Burns v. Village of Wauconda*, 1999 WL 529574 (N.D. Ill. July 15, 1999) (applying Rule 23 standard).

Defendant first argues that Plaintiffs' motion should be denied because the named plaintiffs cannot support their individual claims because: (1) Section 207(j) exempts the Defendant from Plaintiffs' FLSA claims, (2) Plaintiffs' claims are barred by the collective bargaining agreement between the parties, (3) the claims have been waived, (4) plaintiffs failed to exhaust remedies under the CBA, and (5) Plaintiffs did not report or get approval for the alleged overtime.

Section 207(j) provides that:

> No employer engaged in the operation of a hospital or an establishment which is an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises shall be deemed to have violated subsection (a) of this section if, pursuant to an agreement or understanding arrived at between the employer and the employee before performance of the work, a work period of fourteen consecutive days is accepted in lieu of the work-week of seven consecutive days for purposes of overtime computation and if, for his employment in excess of eight hours in any workday and in excess of eighty hours in such fourteen-day period, the employee receives compensation at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(j).

Defendant cites several aspects of the Plaintiffs' collective bargaining agreement ("CBA") to demonstrate that Cook County meets the requisites of Section 207(j). However, while the CBA may include provisions that demonstrate that Section 207(j) is applicable, such does not negate Plaintiffs' allegations that they are not paid straight time and/or overtime for time worked during pre- and post-shift briefings, during post-shift activities, and for job-related training. Accordingly,

3

Defendant is not exempt from Plaintiffs' FLSA claims.

Defendant next argues that Plaintiffs' claims are barred by the CBA between the parties pursuant to *Leahy v. City of Chicago*, 96 F.3d 228 (7th Cir. 1996) (*Leahy*).

In *Leahy*, a group of Chicago police officers sued the City of Chicago under the FLSA for failing to pay the officers for their meal periods. The district court granted summary judgment to the City of Chicago, finding that the meal periods were not compensable time pursuant to the officers' CBA. *Leahy*, 96 F.3d at 230. On appeal, the Seventh Circuit affirmed, concluding that the CBA for the police officers defined meal periods as non-working times and provided that officers who worked eight-and-one-half-hour shifts, including a half-hour meal period. Pursuant to the CBA, police officers who worked more than 80 hours in a 14-day period were paid overtime. Accordingly, to the extent that any officer actually worked through a meal period, the CBA's overtime provision protected the officers' right to payment in accordance with the FLSA. *Leahy*, 96 F.3d at 232. Because the CBA protected the police officers' FLSA rights and the grievance procedure was the most efficient method of handling individual officers' claims that they worked through their meal periods, the court held that the officers' FLSA claims were barred by the CBA. *Leahy*, 96 F.3d at 232.

The majority opinion in *Leahy* did not cite or mention the Supreme Court's decision in *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (1981) (*Barrentine*). In *Barrentine*, the Court reversed the Eighth Circuit's ruling that plaintiffs' submission of their wage claim to arbitration pursuant to their CBA barred them from bringing a FLSA claim. *Barrentine*, 450 U.S. at 745. The Court held that "the FLSA rights petitioners seek to assert in this action are independent of the collective-bargaining process. They devolve on petitioners as individual workers, not as

members of a collective organization. They are not waivable." *Barrentine*, 450 U.S. at 745.

In light of *Barrentine*, a broad reading of *Leahy* that any employee covered by a CBA with an overtime provision is barred from being a FLSA claim has been rejected. *See Schwertfeger v. Village of Sauk Village*, 2001 WL 293115 (N.D. Ill. March 23, 2001). The more reasonable interpretation of *Leahy* is that "it is appropriate for employers and employees who define compensable work in their CBA to resolve disputes [about] that issue through the CBA's grievance procedures. But when an employee is not being paid for work that is clearly compensable ... *Barrentine* protects the employee's congressionally-granted right to seek redress through the FLSA in court." *Schwertfeger v. Village of Sauk Village*, 2001 WL 293115 at * 3 (N.D. Ill. March 23, 2001).

In the instant case, Plaintiffs seek compensation for time worked before and after their official shifts, including training required for their job. The applicable CBA requires that Plaintiffs be paid one and one-half times the average of the regularly hourly rate for all hours worked in excess of eight hours in any regular work day, or over eighty hours in any regular pay period. The regular work day is eight and one-quarter hours of elapsed time, including thirty-minute paid lunch period, which is counted as eight hours worked. The CBA also sets forth the Plaintiffs' work periods. However, the CBA does not define work and does not indicate whether the work that Plaintiffs seek compensation for (time worked before and after their official shifts) is or is not compensable work. Because the employer and employee did not define compensable work in their CBA, it is not appropriate to resolve the present dispute through the CBA's grievance procedures. *See Schwertfeger v. Village of Sauk Village*, 2001 WL 293115 at * 3 (N.D. Ill. March 23, 2001); *see also Barrentine*, 450 U.S. at 740-41 ("congressionally-granted FLSA rights take precedence over

5

conflicting provisions in a collective bargained compensation arrangement"). Furthermore, Plaintiffs are alleging that they have not been paid for work that is clearly compensable. Accordingly, "*Barrentine* protects the employee's congressionally-granted right to seek redress through the FLSA in court." *Schwertfeger v. Village of Sauk Village*, 2001 WL 293115 at * 3 (N.D. Ill. March 23, 2001).

Defendant also asserts that the named plaintiffs have waived their claims for unreported overtime because they did not file a grievance for such overtime pursuant to the CBA. Defendant's argument ignores *Barrentine* as cited above, holding that FLSA rights are independent of the collective-bargaining process and are not waivable. *See Barrentine*, 450 U.S. at 745. Furthermore, unlike the *Leahy* plaintiffs, who actively bargained for the compensability of the meal periods in question and agreed that such meal periods would not be compensable, but then filed suit under the FLSA to recover payment during those meal periods. To the contrary, the instant Plaintiffs did not "bargain away" their rights to overtime compensation.

Defendant argues that Plaintiffs cannot bring suit under the FLSA because they were required to exhaust their remedies in the CBA, *i.e.*, the arbitration clause of the CBA. Again, Defendants ignore *Barrentine*. *See Barrentine*, 450 U.S. at 745 (FLSA rights are independent of the collective-bargaining process and are not waivable). Furthermore, the arbitration clause provides that the nurses' association only, not individuals, may but are not required to pursue arbitration of disputes under the CBA.

Defendant also argues that Plaintiffs cannot bring the instant suit because they failed to report the unapproved overtime, citing *Bjornson v. Daido Metal U.S.A., Inc.*, 12 F. Supp. 2d 837 (N.D. Ill. 1998) (*Bjornson*).

6

The *Bjornson* court granted the employer's motion for summary judgment after finding that the employee did not provide evidence that he reported the alleged unpaid overtime or that the employer had actual or constructive knowledge of the alleged overtime. *Bjornson*, 12 F. Supp. 2d at 841-42. Contrary to *Bjornson*, Plaintiffs in the instant case have provided evidence through declarations and affidavits that Defendant was aware of the alleged overtime. Accordingly, *Bjornson* is inapplicable to the instant case.

Defendant next argues that Plaintiffs have failed to satisfy the requirements of Section 216(b).

A plaintiff must demonstrate that the persons plaintiff seeks to provide notice are "similarly situated" to the plaintiff to satisfy the first step of the two-step method for determining whether notice should be provided under 216(b). Such is demonstrated by showing that the plaintiff and the proposed potential plaintiffs were victims of a common policy, plan, or practice. *See Garza v. Chicago Transit Auth.*, 2001 WL 503036 at * 2 (N.D. Ill. May 8, 2001); *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998); *Thiebes v. Wal-Mart Stores, Inc.*, 1999 WL 1081357 at * 2 (D. Or. Dec. 1, 1999). The second step consists of the court determining whether the class should be restricted based on the "similarly situated" requirement after discovery is complete. *See O'Brien v. Morse*, 2002 WL 1290392 at * 2 (N.D. Ill. June 11, 2002); *Garza v. Chicago Transit Auth.*, 2001 WL 503036 at * 2 (N.D. Ill. May 8, 2001).

In support of their motion, the named Plaintiffs have provided signed declarations of nurses that are employed by the Defendant and that have been required to regularly perform pre-and post-shift activities without proper compensation, in addition to job-related training activities for which they are not compensated. Furthermore, in their respective departments, there are numerous other

7

nurses with very similar job duties who are now or have been engaged in similar uncompensated work. The nurses' positions are all covered by the same CBA. The Second Amended Complaint also contains 350 signed consent forms by other employees of Cook County Hospital that believe that they are entitled to additional wages for overtime work. Based on these allegations, Plaintiffs have demonstrated a sufficient factual nexus between their situation and the situation of other employees at Cook County Hospital. Plaintiffs have submitted sufficient evidence demonstrating that they and other nurses are all acting under the same CBA, the same policies and practices, and conduct the same or substantially similar jobs.

Whether Plaintiffs meet the second step of the inquiry poses a different twist as discovery in the instant case has already closed[1], and the second step consists of the court determining whether the class should be restricted based on the "similarly situated" requirement after discovery is complete. *See O'Brien v. Morse*, 2002 WL 1290392 at * 2 (N.D. Ill. June 11, 2002); *Garza v. Chicago Transit Auth.*, 2001 WL 503036 at * 2 (N.D. Ill. May 8, 2001). Because discovery is closed, discovery for any of the new individuals that chose to opt in cannot take place.

Plaintiffs concede that the trend in this circuit is the two-step method and not the Rule 23 method. However, Plaintiffs argue that the second step is simply not applicable to the instant case because discovery has closed; therefore, the Court should apply the Rule 23 analysis. Plaintiffs' argument is without merit and is made because Plaintiffs cannot meet the second step of the two-step analysis as discovery is closed. No discovery can take place as to any new plaintiffs. Thus, Defendant would not be afforded the opportunity to demonstrate that some of the opt-in Plaintiffs

---

[1] Discovery in the instant action closed on July 16, 2002; and trial is scheduled for January 13, 2003.

are not actually similarly situated -- the whole purpose of the second step of the two-step analysis. Accordingly, Plaintiffs have not met the second step of the two-step analysis; and Plaintiffs' Motion to Facilitate Section 216(b) Notice must be denied. *See O'Brien v. Morse*, 2002 WL 1290392 at * 1 (N.D. Ill. June 11, 2002) (court may take remedial action after discovery if individuals that are given notice are determined not to be similarly situated); *Garza v. Chicago Transit Auth.*, 2001 WL 503036 at * 3 (N.D. Ill. May 8, 2001)(finding that plaintiffs met the first step of the two-step analysis does not indicate that all of the employees who are given notice are similarly situated because future discovery may indicate that they are not).

2. Motion for Class Certification Pursuant to Rule 23

Plaintiffs seek class certification under Federal Rule of Civil Procedure 23(b)(3) of their IMWL and WPCA claims.[2]

To receive class certification, Plaintiffs must satisfy all four elements of Rule 23(a), which include: numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). Plaintiffs must also satisfy at least one of the three provisions under Rule 23(b).

The propriety of class certification is a separate issue than whether the plaintiff will ultimately prevail on the merits of its claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). However, "[t]he proposition that a district judge must accept all of the complaint's allegations when deciding whether to certify a class cannot be found in Rule 23 and has nothing to

---

[2]Plaintiffs point out that Defendant cannot credibly argue that a Rule 23 analysis unfairly denies Defendant the opportunity for discovery on the issues material to that rule. Defendant has known the names of the present 350 Plaintiffs for an extended period of time and yet have not propounded any written discovery regarding this issue. Also, Defendant did not take any depositions when Plaintiffs offered to produce these Plaintiffs for deposition on this issue after all discovery closed on July 16, 2002.

recommend it." *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001) (*Szabo*). Before certifying a class " a judge should make whatever factual and legal inquiries are necessary under Rule 23." *Szabo*, 249 F.3d at 676. For example, a district court would not be free to accept an allegation of 10,000 class members for purposes of numerosity in the face of a dispute on that point. *See Szabo*, 249 F.3d at 676. However, contrary to Defendant's overly broad reading of *Szabo*, the court does not undertake a review of the merits as if it were determining a motion for summary judgment. Accordingly, the Court does not determine the substantive strength or weakness of the allegations in the complaint but rather the merits of the allegations only as they bear on the suitability of a class action suit under Rule 23(a) and (b). *See Rahim v. Sheahan*, 2001 WL 1263493 at * 10 (N.D. Ill. Oct. 19, 2001).

*Numerosity*

Rule 23(a)(1) requires that the class be so numerous that joinder of all the members is impracticable. Fed. R. Civ. P. 23(a)(1). Plaintiff need not demonstrate the exact number of class members so long as a conclusion is apparent from good-faith estimates ( *Peterson v. H & R Block Tax Servs.*, 174 F.R.D. 78, 81 (N.D. Ill. 1997)), and the court is entitled to make "common sense assumptions" in order to support a finding of numerosity (*Grossman v. Waste Management, Inc.*, 100 F.R.D. 781, 785 (N.D. Ill. 1984)).

Plaintiffs allege that the five named plaintiffs, the 350 other nurses that have filed consent forms as to the FLSA claims who have similar claims, and the additional nurses that exist at Cook County who have not yet been informed of the complaint satisfies the numerosity requirement. This is supported by the Second Amended Complaint, the attached signed consent forms, and the large size of Cook County Hospital. The numerosity requirement is satisfied.

*Commonality and Typicality*

Commonality exists if the class members share common questions of law or fact. The requirement is usually satisfied when a common nucleus of operative facts unites a class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The presence of some factual variations among the class members does not defeat commonality, so long as there is at least one question of law or fact common to the class. *Rosario*, F.2d at 1017.

The typicality requirement of Rule 23(a)(3) is closely related to the commonality requirement of Rule 23(a)(2). *Ruiz v. Stewart Associates, Inc.*, 171 F.R.D. 238, 242 (N.D. Ill. 1997). A plaintiff's claim is typical if it arises from the same event or practice or course of action that gives rise to the claims of other class members and if his or her claims are based on the same legal theory. *Rosario*, 963 F.2d at 1018.

Here, Plaintiffs allege that Cook County has violated the IMWL and WPCA by failing to pay nurses at Cook County overtime for work performed during pre- and post-shift briefings, post-shift activities, and job-related training activities. The alleged failure to pay nurses at Cook County arise from the same events and courses of action, and the claims are based on the same legal theory. Accordingly, commonality and typicality exist in the instant case. *See Rosario*, 963 F.2d at 1017-18; *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, 2000 WL 1774091 at * 4-5 (N.D. Ill. Dec. 1, 2000) (certifying class action for alleged unlawful failure to pay employees for certain categories of work performed during a particular period of time).

*Adequacy of Representation*

The class representatives must "fairly and adequately protect the interests of the class". Fed. R. Civ. P. 23(a). In determining adequacy of class representation, the court considers whether (1)

11

any conflicts of interest exist between the named plaintiffs and the class members and (2) whether the named plaintiffs' counsel will adequately protect the interests of the class. *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 58 (N.D. Ill. 1996).

Cook County does not argue that Plaintiffs' counsel would not provide adequate class representation. Cook County repeats its previously rejected argument that the named Plaintiffs cannot assert the claims set forth in the Second Amended Complaint. Plaintiffs' counsel is experienced in multi-plaintiff wage and hour litigation, and the Court cannot identify any conflicts between Plaintiffs and the class members or an inadequacy in Plaintiffs' counsel's ability to protect the interests of the class.

*Rule 23(b)(3)*

Plaintiff seeks class certification under Rule 23(b)(3). Rule 23(b)(3) provides that a class action may be maintained if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to the available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

As discussed above, the questions of law and fact to the members of the class, as set forth in the Second Amended Complaint, are similar to the proposed class members and would predominate over questions affecting individual class members. Furthermore, a class action is superior to the available methods for the fair and efficient adjudication of this controversy. Accordingly, the Court finds that the requirements of Rule 23(b)(3) are met.

For the foregoing reasons, Plaintiffs' Motion to Facilitate Section 216(b) Notice is denied.

Plaintiffs' Motion for Class Certification, as to Counts II and III, is granted.

Dated: November 13, 2002

JOHN W. DARRAH
United States District Judge