# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 6119 | DATE | 1/23/2003 |
| CASE TITLE | MARIA BELBIS vs. COUNTY OF COOK | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant's motion for reconsideration is granted in part and denied in part. Defendant's motion for reconsideration as to the class certification of Count II is granted. Defendant's motion for reconsideration as to the class certification of Count III is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | 27 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 82 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIA BELBIS and TINA WARREN, )
individually and on behalf of a class of employees )
similarly situated; and MARIA BELBIS, TINA )
WARREN, TIFFANY TAYLOR, DOROTHEA )
PURNELL, SHERYL NELLA, and all others who )
have had a consent to join filed in this case, )
 )
    Plaintiffs, )
 )
v. )
 )
COUNTY OF COOK, )
 )
    Defendant. )

JAN 2 1 [illegible]

No. 01 C 6119

Judge John Darrah

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Maria Belbis ("Belbis") and Tina Warren ("Warren"), filed a class action suit against Defendant, County of Cook ("Cook County"), alleging violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.* (Count II), and the Wage Payment and Collection Act ("WPCA"), 820 ILCS 115/1 *et seq.* (Count III). Plaintiffs, Belbis, Warren, Tiffany Taylor ("Taylor"), Dorothea Purnell ("Purnell"), and Sheryl Nella ("Nella"), and all others that have had a consent to join in this case, also allege Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§ 201 *et* seq (Count IV). In November 2002, this Court denied Plaintiffs' Motion to Facilitate Section 216(b) Notice and granted Plaintiffs' Motion for Class Certification for Counts II and III. Presently before the Court is Defendant's Motion to Reconsider the Class Certification of Counts II and III.

Motions for reconsideration serve a limited function of correcting manifest errors of law or



fact or presenting newly discovered evidence or an intervening change in the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Reconsideration is appropriate when "the Court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made an error not of reasoning but of apprehension." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 139 F. Supp. 2d 943, 945 (N.D. Ill. 2001), quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A motion for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal arguments that could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985).

Defendant first argues that Plaintiffs' IMWL claim should not have been class certified because Plaintiffs' claim cannot be brought against the Defendant, a government body. Defendant did not present this argument in its previous response to the motion for class certification. While such new arguments are generally disfavored in a motion to reconsider, the court's duty to ensure compliance with Rule 23 lasts throughout the entire case. *See General Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982) (modification of class certification order appropriate to insure "actual, not presumed conformance with Rule 23"); *Hervey v. City of Little Rock*, 787 F.2d 1223, 1227 (8th Cir. 1986) (court's duty to insure compliance with Rule 23 continues after certification); *Eggleston v. Chicago Journeymen Plumbers, Etc.*, 657 F.2d 890, 896 (7th Cir. 1981) (court may act to change previously certified class if later events prove original certification was improvident). Accordingly, the Court addresses Defendant's new argument.

The purpose of the IMWL is to ensure that employees are paid an adequate wage. *See* 820

ILCS 105/2; *Pautlitz v. City of Naperville*, 1991 WL 33658 (N.D. Ill. March 8, 1991). A governmental or quasi-governmental body is included in the definition of an employer under the IMWL. *See* 820 ILCS 105/3(c). The IMWL provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate of 1 1/2 times the regular rate...." 820 ILCS 105/4a(1). However, the overtime compensation section of the IMWL, 820 ILCS 105/4a, provides that the provision is not applicable to "[a]ny governmental body". 820 ILCS 105/104a(2)D.

In the instant case, Plaintiffs allege that they were not properly paid for time worked. Plaintiffs do not dispute the amount of their wages, except as to failure to pay overtime. However, as mentioned above, Defendant, as a government body, is exempt from the overtime compensation section of the IMWL. Therefore, the instant Plaintiffs' IMWL claim against Defendant, at a minimum, is weak. Accordingly, the instant Plaintiffs would not adequately represent the class as required by Rule 23. *See Robinson v. Sheriff of Cook County*, 167 F.3d 1155, 1157 (7th Cir. 1999) (if class representative's claim is weak, it is doubtful that his representation will be adequate); *Woodard v. Tower Auto. Prod. Co.*, 2002 WL 832572 (N.D. Ill. May 1, 2002) (denying class certification because weak case of the proposed class representatives rendered them inadequate representatives).

Upon careful reconsideration and based on the Plaintiffs' inability to adequately represent the class, Defendant's Motion for Reconsideration as to the class certification of Count II is granted.

Defendant also seeks reconsideration of Count III based on the new argument that the WPCA claim is based on the collective bargaining agreement between the parties; therefore, the Plaintiffs were required to exhaust their contractual remedies via the collective bargaining agreement, not the

3

WPCA.

Where a collective bargaining agreement establishes a grievance and arbitration procedure for disputes arising out of the agreement, an employee alleging a violation of the agreement must attempt to exhaust his or her contractual remedies before seeking judicial relief. *See Uehlein v. Shwachman*, 156 Ill. App. 3d 274, 277 (1987). However, the mere dispute between an employee and an employer is insufficient to make the matter in dispute subject to the arbitration procedures of a collective bargaining agreement. *See Daniels v. Board of Educ. of the City of Chicago*, 277 Ill. App. 3d 968, 972 (1996) (*Daniels*). Instead, the court must consider whether the claim is one which, on its face, is governed by the contract. If the claim is governed by the contract, the exclusive remedy is to follow the grievance and arbitration procedure. If the claim is not covered by the contract, a suit may be filed. *See Daniels*, 277 Ill. App. 3d at 972.

In the instant case, Plaintiffs seek compensation for time worked before and after their official shifts, including training required for their job. The applicable CBA requires that Plaintiffs be paid one and one-half times the average of the regularly hourly rate for all hours worked in excess of eight hours in any regular work day, or over eighty hours in any regular pay period. The regular work day is eight and one-quarter hours of elapsed time, including a thirty-minute paid lunch period, which is counted as eight hours worked. The CBA also sets forth the Plaintiffs' work periods. However, the CBA does not define work and does not indicate whether the work that Plaintiffs seek compensation for (time worked before and after their official shifts) is or is not compensable work. Because the employer and employee did not define compensable work in their CBA, it is not appropriate to resolve the present dispute through the CBA's grievance procedures. *See Daniels*, 277 Ill. App. 3d at 972-73 (finding complaint improperly dismissed because the collective bargaining

4

agreement did not address plaintiffs' claims). Accordingly, Plaintiffs' WPCA claim is not weak to render Plaintiffs inadequate representatives for class certification.

Lastly, Defendant argues that Plaintiffs' late disclosure of thirty-three witnesses demonstrates that the named Plaintiffs are not adequate class representatives because Plaintiffs are actually relying on the undisclosed witnesses, not the named Plaintiffs, to prove their case.

The mere fact that Plaintiffs plan to call additional witnesses to prove their case fails to establish that the named Plaintiffs are inadequate representatives for class certification. Accordingly, Defendant has failed to demonstrate that the named Plaintiffs are inadequate representatives for class certification.

For the foregoing reasons, Defendant's Motion for Reconsideration is granted in part and denied in part. Defendant's Motion for Reconsideration as to the class certification of Count II is granted. Defendant's Motion for Reconsideration as to the class certification of Count III is denied.

Dated: January 23, 2003

JOHN W. DARRAH
United States District Judge

5