Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 6119 | DATE | 4/9/2003 |
| CASE TITLE | MARIA BELBIS vs. COUNTY OF COOK | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter order approving class settlement, awarding attorneys' fees and costs, dismissing all counts with prejudice, and directing entry of final judgment. It is therefore ordered, adjudged, and decreed that the proposed settlement in this case is approved as set forth above and that all counts of this lawsuit are dismissed with prejudice and with each party to bear its own costs. It is further ordered that the Clerk of Court shall enter final judgment as specified herein pursuant to Fed.R.Civ.P. 58.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | APR 11 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 101 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA BELBIS and TINA WARREN, individually, and on behalf of a class of employees, similarly situated, and MARIA BELBIS, TINA WARREN, TIFFANY TAYLOR, DOROTHEA PURNELL, and all others who have had a consent to join filed in this case,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF COOK,<br><br>    Defendant. | No. 01 C 6119<br><br>The Honorable Judge<br>John W. Darrah<br><br>Magistrate Judge<br>Morton Denlow |

DOCKETED APR 11 2003

## ORDER APPROVING CLASS SETTLEMENT, AWARDING ATTORNEYS' FEES AND COSTS, DISMISSING ALL COUNTS WITH PREJUDICE, AND DIRECTING ENTRY OF FINAL JUDGMENT

On March 27, 2003, Plaintiffs and Defendant, by their respective attorneys of record, have appeared before the Court pursuant to Fed. R. Civ. P. 23(e) for a hearing on Plaintiffs' unopposed Motions for Court Approval of Settlement and Application for Attorneys' Fees, Costs and Expenses. The Court having heard the representations of respective counsel, reviewed the written filings and being fully advised in the premises, hereby finds, orders and enters judgment as follows:

1.  This case involves state and federal statutory claims of unpaid overtime by a class of nurses (CNI, CNII, LPNI, and LPNII) employed full time at Cook County Hospital n/k/a John H. Stroger Hospital at any time from August of 1996 to the present who were not overtime exempt under the Collective Bargaining Agreement between the Defendant and the nurses' union ("the Plaintiff class"). The case was filed as a collective action under the applicable provisions of the

101

Fair Labor Standards Act ("FLSA") and as a class action under the Illinois statutes by class representatives[1] Maria Belbis, Tina Warren, Tiffany Taylor, Dorthea Purnell, and Shirley Nella. Plaintiffs' FLSA claim was brought by and on behalf of 355 individual nurses who in accordance with the FLSA executed consent forms "opting-in" to the collective action which were filed with the Complaint herein.[2] The lawsuit also was filed under the Illinois Minimum Wage Law and Illinois Wage Payment and Collection Act on behalf of all nurses of the specified classifications employed at the hospital during the requisite time period.

2. The substance of the alleged statutory violations in Counts I, II and III arise from the contentions of the Plaintiff class that they were not paid for time worked performing pre-shift, post shift, meal periods, and training duties and activities. This was a result of working at the same facility under the same timekeeping rules, regulations, and procedures. Specifically, members of the Plaintiff class contend that during their 14 day pay periods, while working either an 8 hour or 12 hour shift, they regularly were not paid for approximately 15 to 30 minutes of pre-shift work, approximately 15 minutes to one hour of post shift work, approximately 15 minutes to an hour of meal period time, and additional small components of training time. In addition, they contend they were paid less than the lawful overtime rate of pay even for those hours of overtime that they were paid for.

3. All allegations of liability set forth above in paragraph 2 were vehemently denied by the Defendant in multiple pleadings and motions, and the evidence before this Court reflects that this case has been vigorously and ably defended by the attorneys for the Defendant.

---

[1] During the proceedings, class representative Shirley Nella refused to cooperate with counsel in the prosecution of this matter and, accordingly, by order of this Court dated August 27, 2002, class counsel was allowed to withdraw as her attorney of record. She was removed as a class representative in subsequent pleadings.

[2] Plaintiffs filed their Original Complaint on August 8, 2001, their First Amended Complaint on October 19, 2001, and their Second Amended Complaint on or about December 6, 2001. Thus, Plaintiffs' operative pleading at the time of the Proposed Settlement was the Second Amended Complaint and which included 355 "opt-in" FLSA Plaintiffs.

4. The Court granted class certification of these claims on November 13, 2002. Subsequently, in response to a Motion for Reconsideration filed by the Defendant, the Court decertified class certification under the Illinois Minimum Wage Law,[3] but reaffirmed that the claim under the Illinois Wage Payment and Collection Act. Based on that ruling, this matter was to have proceeded to trial under the collective action in Count I and the class action in Count III.

5. After the Court's Order of January 23, 2003, the Defendant filed a Petition for Interlocutory Review by the 7th Circuit Court of Appeals in accordance with Rule 23(f). That petition was pending at the time of settlement.

6. After the expenditure of considerable time, effort, and expense by the parties and their attorneys, and following a settlement conference conducted by the Honorable Morton Denlow on January 27, 2003 and a deposition of Plaintiffs' expert, the parties agreed to settle all claims made the basis of this lawsuit.

7. Pursuant to the above settlement, the parties agreed to fully settle and compromise the above action in exchange for payment by the Defendant of $4,000,000 (Four million dollars). This amount covers all claims, fees, costs, and reimbursements. In addition, the County undertook in good faith as part of its new software program at the new hospital, to ensure that future pay checks utilize a clearer format which identifies the specific overtime and pay differentials paid to the nurses on each pay period.

8. In furtherance of the above settlement, the County has in good faith tendered a new format for the nurses' paychecks which has been reviewed and fully approved and agreed upon by respective counsel.

---

[3] The parties have now presented their Agreed Motion To Dismiss Count II With Prejudice, which the Court accepts.

9. In accordance with Fed. R. Civ. P. 23(e), the Plaintiffs have filed unopposed Motions applying for attorneys' fees, costs and expenses as well as seeking Court approval of the settlement and proposing a Notice to the Plaintiff class of the terms thereof.

10. Following the hearing on February 25, 2003, the Court approved a proposed Notice, which was duly distributed to the Plaintiff class by means of conspicuous public posting on all floors of the hospital and multiple publications in the Chicago Sun Times.

11. All notices and publications have been disseminated in accordance with the Court's order.

12. Following the above posting and publications of the Proposed Settlement, no written objections to the Proposed Settlement were filed with the Court as required and provided by the Court ordered deadline of March 10, 2003 as set forth in the Notice.

13. Furthermore, no objection to the Proposed Settlement, or to the application for attorneys' fees, costs and expenses have been filed prior to the March 10, 2003 deadline set by the Court in the above Notice.

14. No person appeared in open court on March 27, 2003, the date set by the Court Order and disclosed in the above Notice, for purposes of contesting or objecting to the Proposed Settlement or the application for attorneys' fees, costs and expenses filed herein.

15. To approve a settlement agreement involving a class action, the Court must be satisfied that the settlement is fair, reasonable, and adequate. *In re General Motors Corporation Engine Interchange Litigation*, 594 F.2d 1106 at 1122; *Patterson v. Stovall*, 528 F. 2d 108, 112, 114 (7th Cir. 1976); *McDonald v. Chicago Milwaukee Corporation*, 565 F.2d 416 (7th Cir. 1977). The Court has reviewed the Motions, Applications and evidence presented in support of the proposed settlement and finds that the proposed settlement is fair, reasonable and adequate.

16. Based on the foregoing, the Court hereby approves the proposed settlement in this case and Orders as follows:

    a. The County of Cook will utilize the new pay stub in the form previously agreed upon by the respective parties hereto upon completion of its software implementation program at the new John H. Stroger Jr. Cook County Hospital. The form and content of the new pay stub reporting system has been provided by Defendant to counsel for Plaintiffs and has been agreed to by the parties.

    b. The County of Cook will pay the total sum of $4,000,000 (Four million dollars) as full and final settlement of all claims asserted in this lawsuit ("settlement fund"). This settlement fund will cover all attorney's fees, expenses, reimbursements, and costs. This settlement fund will be maintained and administered by counsel for Plaintiffs for the benefit of the Plaintiff class. After payment of Court approved attorneys' fees and case related expenses, members of the Plaintiff class shall receive shares of the settlement proceeds as follows:

        i.) Each of the 355 Plaintiffs who executed "consents" to "opt-in" to the collective action brought under the Fair Labor Standard Act and which were filed with the Second Amended Complaint in this lawsuit will receive $1,000 each, in addition to the amount to be paid to members of the Plaintiff class, as set forth in subpart iv., below;

        ii.) The ten individual Plaintiffs who were deposed in this lawsuit shall receive $7500 each in addition to any other settlement payment;

        iii.) The four class representative Plaintiffs shall receive $12,500 each in addition to any other settlement payment;

        iv.) The remaining settlement proceeds shall be paid to all individual Plaintiff class members on a pro rata basis determined by the length of time a class member was employed by County of Cook during the class period. For example, if a class member was employed for the entire 78 months (169 pay periods) of the class period that Plaintiff would be entitled to a full share. A Plaintiff employed for 36 months (78 pay periods) during the (169 pay periods) class period would be entitled to a 78/169 (46%) share and so on.

    c. Attorneys' fees to counsel for Plaintiffs are hereby approved and ordered in the amount of $1,120,000.00, representing 28% of the settlement amount, which the Court finds is a reasonable and customary fee in this case given the qualifications of the attorneys for Plaintiffs, the work performed, and the results obtained.

    d. Expense reimbursements to counsel for Plaintiffs are hereby approved and ordered in the amount of $60,459.50 for costs and expenses incurred and which can reasonably be anticipated will be incurred in the future in connection with the prosecution

of this case which the Court finds are reasonable and customary expenses in a case of this type given the work performed.

e.  Counsel for Plaintiffs are authorized to withhold an additional reasonable amount for the remaining expenses reasonably required to finalize the settlement and distribution of settlement proceeds and will provide the Court with a final accounting of these expenses at the conclusion of the case and will distribute any remaining balance to the Plaintiff class pursuant to the formula set out in part 6. b. iv. above.

f.  The County of Cook, to facilitate this distribution to the nurses, will pay the costs of processing and mailing settlement checks, as well as the costs of publication and posting of notices as described above.

g.  All Counts of the Second Amended Complaint and any other causes brought by the Plaintiffs herein are hereby dismissed with prejudice, and without the award of costs.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Proposed Settlement in this case is APPROVED as set forth above and that all Counts of this lawsuit are dismissed with prejudice and with each party to bear its own costs.

It is further ORDERED that the Clerk of Court shall enter final judgment as specified herein pursuant to Fed. R. Civ. P. 58.

Dated: April 9, 2003

s/ HONORABLE John W. Darrah
Judge, Northern District of Illinois,
Eastern Division

66253

6

Agreed as to Form:

*[signature]*

Christopher N. Mammel (06281492)
George K. Lang
Roy R. Brandys
Childress & Zdeb, Ltd.
6 West Hubbard St., 5th Floor
Chicago, Illinois 60610
(312) 494-0200

David L. Kern
Peticolas, Shapleigh, Kern & Kalman, PLLC
701 N. St. Vrain
El Paso, Texas 79902
(915) 542-1983

Counsel for Plaintiffs

and

*[signature]*

Louis R. Hegeman
Assistant States Attorney

Counsel for Defendant

7